CatRon, Ch. J.
delivered the opinion of the court.
On the 2?th of June, 1821, John Wright executed a deed for the land in controversy to Nancy Williams, which was proved in August, 1824, and registered in October of that year.
In August, 1821, John Wright 'executed to Henry Hollingsworth Jones, his illegitimate grandson, a deed for the same land. This deed was proved and registered in October, 1821.
The deed to Nancy Williams not having been proved and registered within one year from its date, took effect only from the time it was registered. Act of 1819, ch. 47.
To obviate this objection, one ground assumed is, that the deed to Jones is void. That it does not convey a present estate, but attempts to convey one to take effect in future. The operative words are, that he, the said John Wright, hath given, granted, aliened, and confirmed unto the said Henry H. Jones, after the death of me, the said John Wright, all the right, title, claim and demand, that I now have, to the following described tracts of land, &c.
That it was the intention of John Wright to convey a present estate cannot be doubted; and it is equally manifest he intended to reserve a life estate to himself. To this, it is apprehended there can be no valid legal objection. Cains and wife vs. Marley, 2 Yer. 582. But were it otherwise, then the condition would fall, and the deed stand. Deeds are taken most strongly against the grantor. It does not lie with him to say, I inserted a condition destructive to your supposed title, and you take nothing. 4 Cru. D. 329: Martin’s N. C. R, 28: 2 Yerger, 584.
*255 It is next insisted, llie deed to Jones is voluntary, because be was illegitimate, and m law a stranger to John Wright. That the deed to Nancy Williams was executed in consideration of marriage, and consequently avoids that made to Jones by force of the statute of 27th of Eliz. 2. That it was made for the valuable considera- ■ tion of ten dollars expressed upon its face, and for this reason has the same effect.
The circuit court pronounced the deed to Jones not voluntary, and instructed the jury that Jones stood on the foot of a legitimate grandson, and therefore the deed to him ' was of validity to resist the deed to Nancy Wright, although this was executed in consideration of a marriage to be had between her and John Wright. That Nancy Wright’s deed not having been registered until October, 1824, was the younger legal title, and must give .way to that of Jones.
The deed to Jones was voluntary, and would have been equally so, had he been the legitimate grandson of John Wright.' A deed to children, or to a wife, made in consideration of love and affection, must give way by force of the 27th Eliz. to a subsequent deed executed on a , bona fide consideration of money or marriage. Rob. on Fr. Con. 81, and authorities cited: Ib. ch. 3, sec. 1, 187: Chapman vs. Emory, Cowp. Rep. 298.
. In the argument, it seemed to be taken for granted, that if Jones had been the legitimate grandson of John Wright, then his deed would have stood on the same foot with one executed in consideration of marriage, and the date of registration would determine who had the better title. This grew out of a mistake in confounding the constructions of the 27 Eliz. for the protection of purchasers, with that of 13 Eliz. made to protect creditors. The consideration of blood is good to protect the donee against the subsequent creditors of the donor, hut not against the previous creditors. As to these, it is taken as fraudulent and void. So of the 27 Eliz. A deed to *256 a W1fe an(} children, has uniformly been holden to be vol- , . ’ ' , . untary, and void as against a subsequent purchaser tor a valuable or good consideration; that of money or marriage. The statute makes no exception in favor of the consideration of blood; and were the courts to except the wife and children, and grand children, the statute would be almost a dead letter.
The deed would always be made to those, as is the fact in a great majority of instances, at any rate, in cases where property is intended to be covered.
If the deed to Nancy Williams was. made in consideration of marriage, then it is superior to that of Jones, although the younger title, because of its subsequent registration.' It recites, “that the said John Wright, for and in consideration of the love and affection he bears towards the said Nancy Williams, she and the said John Wright being engaged to be married in a short time; and for and in consideration of ten dollars to him paid by the said Nancy, he hath given and granted, and doth give and grant,” &c. In August, after this deed was made, John. Wright intermarried with Nancy Williams.
The circuit judge, in substance, instructed the jury, that the deed upon its face afforded sufficient evidence that it had been executed in consideration of the marriage to be had between the parties, and this court thinlcs he adjudged correctly. That such was the intention of the parties there can be no doubt, and we think it sufficiently expressed. But one seeking to set aside a voluntary. deed for a good or for a valuable consideration, must be a bona fide purchaser. Rob. Fr. Con. ch. 6, 366, 520. For instance: the colorable consideration of ten dollars, cannot be relied upon; one paying this sum' would not be a bona fide purchaser. RTob. 370: 2 Cowp. Rep. 278. So if it be true, as insisted on at the bar, that this young woman of twenty-five, and her friends, by fraudulent contrivances, obtained the deed to her, and procured an old doated and drunken man to mar *257 ry her, with the fraudulent intent of obtaining his property, then the deed would be fraudulent. Nancy Williams would not be a bona fide purchaser for good consideration, and Jones would have the better title. How this point is, a jury must determine. The judgment will be reversed, and the cause remanded for another trial.
Whyte and Peck, Judges, concurred.